**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE SCHMIDT, MICHAEL THOMPSON, and JOHN JABARA, and JOHN DOES, similarly situated,** | : | |
| | : | |
| | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:20-494** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **IAP WORLDWIDE SERVICES, INC., INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, AFL-CIO, INDUSTRIAL LOCAL LODGE 1717,** | : | |
| | : | |
| **Defendants** | | |

**MEMORANDUM**

Presently before the court is a motion for recusal, (Doc. 30), filed by the plaintiffs' attorney, Cynthia L. Pollick. For the reasons set forth below, the motion will be **DENIED**.

**II. STANDARD OF REVIEW**

Attorney Pollick has filed this motion pursuant to 28 U.S.C. §455(a), which provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). To determine if recusal is warranted pursuant to Section 455, the Court must objectively review its

rulings and statements to determine whether a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Conklin v. Warrington Twp.*, 476 F.Supp.2d 458 (M.D.Pa.2007). However, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir.2000). "[W]hen deciding a motion for recusal under Section 455(a), the court need not accept the [m]ovant's allegations as true." *Cooney v. Booth*, 262 F.Supp.2d 494 (E.D.Pa.2003).

### III. DISCUSSION

Attorney Pollick advances several reasons for her motion, none of which are persuasive. First, she cites her then-pending motion for a sixty-day extension of time to reply to one of Local 1717's motion to dismiss, filed on June 9, 2020. (Doc. 26). Counsel for Local 1717 opposed the motion but indicated she would agree to a thirty-day extension. (Doc. 27). On June 14, 2020, Attorney Pollick filed a brief in support of the motion, noting that it was still pending. (Doc. 29). She goes on to compare the court's handling of her motion to *Mininger v. Pykus*, No. 3:19-cv-2188, (M.D.Pa.), a case in which Attorney Pollick was acting as defense counsel and this court granted an oral motion during a phone conference "without [the] Plaintiff ever even having to file a Motion for Extension of Time to File a Brief." (Doc. 29, at 1). Attorney

Pollick argues this demonstrates that the court "has refused to treat [her] like opposing counsels [sic] in other cases." (Doc. 32, at 5).

The next basis for recusal Attorney Pollick cites is a June 11, 2020 final pretrial conference in the case *Whited v. The New Café*, No. 3:18-cv-1811, (M.D.Pa.), in which Attorney Pollick appeared as plaintiff's counsel. The conference was held by WebEx and, while Attorney Pollick was in the meeting and everyone was waiting for defense counsel to join the meeting, the court engaged in a general conversation with the court's three interns, the Courtroom Deputy, and the Court Reporter regarding a trip to the Virgin Islands. Attorney Pollick does not elaborate on why she believes this merits recusal.

Finally, Attorney Pollick cites the court's statement directed at her in *Simonson v. Borough of Taylor*, No. 3:18-cv-2445, 2020 WL 1505572, at *1 (M.D.Pa. Mar. 23, 2020), *appeal docketed*, No. 20-1896 (3d Cir. Apr. 28, 2020). There, the court observed that, in light of undisputed facts of the case, the claims brought by Attorney Pollick were so patently frivolous such that the court found it "extremely difficult to comprehend how an experienced attorney could file a case such as this, in good faith." *Id.*

As now Chief-Judge Jones aptly stated in addressing a similar motion for recusal by Attorney Pollick, "At bottom, Ms. Pollick's submissions argue

that because we have in her view, been 'mean' to her, we should now depart

the case *sub judice,* as well as presumably any other case in which she is

involved that lands on our docket." *Hill v. City of Scranton*, No. 4:CV 01-744,

2006 WL 401801, at *2 (M.D. Pa. Feb. 21, 2006). As in *Hill*, this court finds

that recusal is not merited here.

Initially, the court notes that Attorney Pollick has not provided any

authority for her argument that the court's failure to, in her estimation, rule

quickly enough on her motion for an extension of time equates to bias against

her, undoubtedly because there is none. In light of the approximately 565

active cases presently assigned to the undersigned judge, it would be

appropriate for Attorney Pollick to reevaluate her expectations regarding the

swiftness with which this court can reasonably respond to her numerous

requests for extensions of time.  Accordingly, the court rejects this argument

as a basis for recusal.

Next, with respect to the June 11, 2020 final pretrial conference,

Attorney Pollick's argument is, frankly, juvenile and completely unfounded in

legal principles. Once again, Attorney Pollick does not expand upon why she

believes the court's brief conversation with its interns and court personnel

about a vacation, while waiting for Attorney Pollick's opposing counsel to join

a WebEx meeting, demonstrates bias or partiality against her. Attorney

Pollick does not, for example, allege that the conversation pertained whatsoever to the present case or any other litigation before the court. Insofar as Attorney Pollick has failed to support this argument with any explanation or reasoning, the court is unable to address it any further. Accordingly, the court likewise rejects this argument for recusal.

Finally, as to the court's statement in *Simonson*, the court finds that an objective review of this court's rulings and admonition does not lead one to conclude that the undersigned's impartiality might reasonably be questioned. The necessity of, and reasoning for, that statement was set forth in the court's lengthy *Simonson* memorandum and the court will not repeat its reasoning herein. Suffice to say, however, that such an admonition by other judges of this District is not a rare occurrence for Attorney Pollick. *See, e.g.*, *Young v. Smith*, 269 F.Supp.3d 251, 258 (M.D.Pa.2017) (noting that "[s]ad to say, after ten years of protracted and unnecessarily contentious litigation, it appears that all Plaintiff's counsel, Cynthia L. Pollick, Esquire, has managed to accomplish is disrespecting this Court as an institution and embarrassing herself in the eyes of many of its constituents," and observing that "Ms. Pollick has edged precariously close to the operative ethical boundaries"); *Souryavong v. Lackawanna Cty.*, 159 F.Supp.3d 514, 520 (M.D.Pa.2016) (cataloging an exhaustive list of examples of Attorney

Pollick's improper and excessive billing entries before trimming the reasonable hourly rate); *Young v. Pleasant Valley Sch. Dist.*, No. 3:07-cv-854, 2012 WL 1827194, at *27 (M.D.Pa. May 18, 2012) ("The Court finds that Plaintiff's counsel did engage in improper conduct during the course of the trial . . . ."). That Attorney Pollick has been reprimanded with such regularity by multiple judges of this court says far more about her conduct and performance as an attorney than it does any purported bias against her by this court. As Chief judge Jones noted in *Hill*, "Ms. Pollick's demeanor with the Court in chambers, at trial, and at sidebar[, as well as in her filings,] bespeaks at least a borderline contempt for the authority of this Court and at times a total disrespect for our rulings." 2016 WL 401801, at *4. As a result, from time to time, it has been necessary for this court to warn Ms. Pollick that "continued behavior of this nature may result in an appropriate sanction." *Id.* Ms. Pollick, however, "entirely misreads the Court's rulings and actions to indicate [] animus." *Id.* Such is not the case. While "we admire Ms. Pollick for her willingness to litigate difficult cases," and "believe that her heart is in the right place as it compels her to argue with conviction,"  "[w]e simply wish that she would endeavor to be more appropriate in her interactions with this Court, since doing so would immeasurably enhance her advocacy skills, and thus serve her clients better." *Id.*

## IV. CONCLUSION

For the reasons discussed herein, Attorney Pollick's motion for recusal,

(Doc. 30), is hereby **DENIED**.


*s/ Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 19, 2020**
20-494-01

- 7 -