UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE SCHMIDT, MICHAEL :
THOMPSON, and JOHN JABARA,
and JOHN DOES, similarly :
situated,
:
      Plaintiffs              CIVIL ACTION NO. 3:20-494
:
   v.                          (JUDGE MANNION)
:
IAP WORLDWIDE SERVICES, INC.,
INTERNATIONAL ASSOCIATION :
OF MACHINISTS & AEROSPACE
WORKERS, AFL-CIO, INDUSTRIAL:
LOCAL LODGE 1717,
:
      Defendants

## MEMORANDUM

Before the court is a motion to dismiss for failure to state a claim and for lack of jurisdiction filed by the defendant IAP Worldwide Services, Inc. ("IAP"). (Doc. 14). Also before the court is a motion to dismiss for failure to state a claim and request for attorneys' fees and costs filed by the defendant International Association of Machinists and Aerospace Workers, AFL-CIO, Industrial Local Lodge 1717 (the "Union"). (Doc. 23). For the reasons set forth below, IAP's motion will be **GRANTED in part** and the Union's motion will be **GRANTED in part**, and the amended complaint, (Doc. 7) will be dismissed without prejudice.

I.     BACKGROUND

Plaintiffs George Schmidt ("Schmidt"), Michael Thompson ("Thompson"), John Jabara ("Jabara"), and Similarly Situated John Does ("John Does") (together, the "plaintiffs") were employed by IAP, a government contractor, at the Tobyhanna Army Depot, in Pennsylvania ("TAD"). While employed with IAP, plaintiffs were members of the Union and were covered under a collective bargaining agreement ("CBA") between the Union and IAP. The CBA contained an effective period of November 7, 2018 through November 5, 2021. (Doc. 7 at 13).

During plaintiffs' employment with IAP, the Union entered into a Bridge Agreement with government contractor Amentum Government Services Parent Holdings, LLC ("Amentum"). The Bridge Agreement stated that, effective March 1, 2020, Amentum would become the primary contractor for operations at TAD, including operations previously covered under the CBA between IAP and the Union.[1] *Id*. at 45. It further provided that Amentum would not assume any practices previously established under the CBA. *Id*.

---

[1] In their supporting briefs, defendants aver that the Bridge Agreement was negotiated as a result of IAP losing its service contract with TAD to Amentum. (Docs. 18, 29).

Before the Bridge Agreement came into effect, on February 28, 2020, IAP terminated Thompson's employment. *Id.* at ¶14. After the Bridge Agreement came into effect, IAP terminated Schmidt, Jabara, and John Does. *Id.* at ¶¶11, 16.

On March 26, 2020, plaintiffs commenced this action and on April 27, 2020, filed an amended complaint asserting claims of breach of collective bargaining agreement against IAP (Count I) and breach of duty of fair representation against the Union (Count II). *Id.* at 3-7. Defendants filed timely motions to dismiss and supporting briefs. (Docs. 15, 18, 23, 29). In response, plaintiffs filed timely briefs in opposition. (Docs. 18, 35).

On March 18, 2021, the court convened a hearing, during which Schmidt communicated his desire to dismissal all of his claims against IAP but to proceed with his claims against the Union in the present case.[2]

---

[2] By way of further background on Schmidt's desire to dismiss his claims against IAP, on December 21, 2020, IAP filed correspondence with the court indicating that Schmidt had filed claims of discrimination against IAP with the Pennsylvania Human Relations Commission as well as a workers' compensation claim against IAP. (Doc. 57). The letter indicated that the parties reached a "global settlement" in the workers' compensation proceedings on November 5, 2020, wherein Schmidt "withdraw, settle or discontinue" all of his claims against IAP, including those in the present case. *Id.* at 1.
    Relatedly, Schmidt also filed a companion case against IAP before this court wherein he was represented by the same attorney as plaintiffs in the present case, Attorney Cynthia L. Pollick. *See Schmidt, v. IAP*, 3:20-cv-476

Accordingly, court entered an order dismissing Schmidt's claims against IAP alone and dismissing as moot IAP's motion to dismiss solely with respect to Schmidt's claims. (Doc. 58).

## II.     STANDARD OF REVIEW

IAP's motion to dismiss the amended complaint is for lack of subject matter jurisdiction under Fed.R.Civ.P.12(b)(1) and for failure to state a claim under Fed.R.Civ.P.12(b)(6).[3] "When a party moves to dismiss under more than one Rule 12 ground, the Court must first consider the Rule 12(b)(1) challenge, because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." S.D. by A.D. v. Haddon Heights Bd. of Educ., 90 F.Supp.3d 326, 334 (D.N.J. 2015) (citation

---

(M.D.Pa.) (hereinafter, "the companion case"). Upon plaintiff's request, the court entered an order in the companion case dismissing all of Schmidt's claims against IAP, denying motions to compel and quash as moot, and closing the case. (No. 3:20-cv-476, Doc. 40).

[3] As defendants' briefs in support of their motions to dismiss adequately state the standard of review applicable to a motion to dismiss for failure to state a claim, we do not repeat it herein. (See Doc. 15 at 2; Doc. 24 at 3,4); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

omitted), *aff'd*, 833 F.3d 389 (3d Cir. 2016), *vacated on other grounds*, 137 S.Ct. 2121 (2017).

"A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." *Vieth v. Pennsylvania,* 188 F.Supp.2d 532, 537 (M.D.Pa. 2002). The failure to exhaust administrative remedies is a jurisdictional issue and the appropriate device to raise this issue is a motion to dismiss under Rule 12(b)(1). *See Batchelor v. Rose Tree Media School Dist.*, 759 F.3d 266, 271 (3d Cir. 2014). A Rule 12(b)(1) dismissal is not a judgment on the merits, but only a determination that the court lacks the authority to hear the case. *Swope v. Central York Sch. Dist.*, 796 F.Supp.2d 592, 599 (M.D.Pa. 2011).

"Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction." *Id*. (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

### III.   DISCUSSION

As an initial matter, IAP contends that the court lacks subject matter jurisdiction over this action because plaintiffs' breach of collective bargaining

agreement claim does not involve an actual contractual violation. The court finds IAP's argument unpersuasive.

Count I of plaintiffs' amended complaint asserts federal question jurisdiction under §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. 28 U.S.C. §1331; (Doc. 7 at ¶7). Count II asserts "a state claim of breach of fair duty of representation based on diversity of citizenship." *Id*. However, the plaintiffs have failed to adequately plead diversity jurisdiction pursuant to 28 U.S.C. §1332.[4] In the absence of diversity jurisdiction, we proceed to consider whether federal-question jurisdiction can serve as the basis of this court's subject matter jurisdiction over this action.

---

[4] Federal district courts have diversity jurisdiction over cases where the action involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §1332(a). In cases premised on diversity of citizenship, there must be complete diversity between plaintiffs and defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Plaintiffs have failed to adequately allege diversity of citizenship. The amended complaint alleges plaintiffs each "reside[] in" or have a "residence in" Pennsylvania. (Doc. 7 at ¶¶1-4). However, "to properly allege diversity jurisdiction, plaintiff must allege defendants' state of citizenship, not merely the place of their current residence." *MorEquity, Inc. v. Candelaria*, No. 3:13cv944, 2013 WL 1688039, at *2 (M.D.Pa. Apr. 16, 2013); *see also Bell v. Pleasantville Hous. Auth.*, 443 F. App'x 731, 734 (3d Cir.2011) (plaintiff's "physical presence at the address of residence is but only one factor a court would look at" in determining the plaintiff's place of domicile) (citations omitted). Moreover, plaintiffs identify IAP as a corporation but fail to allege its place of incorporation pursuant to 28 U.S.C. §1332(c)(1). In addition, the amended complaint does not state an amount in controversy.

- 6 -

Because plaintiffs have filed a claim against IAP alleging breach of a collective bargaining agreement and a claim against the Union alleging state law breach of duty of fair representation, we construe plaintiffs' action as a "hybrid" section 301/duty of fair representation suit. See Felice v. Sever, 985 F.2d 1221, 1226 (3d Cir. 1993) ("Ordinarily, an employee files a claim against the union alleging breach of the duty of fair representation together with a claim against the employer alleging breach of the collective bargaining agreement in a "hybrid" section 301/duty of fair representation suit."). In such "hybrid" suit, the plaintiff must prove that "the employer breached the collective bargaining agreement in order to prevail on the breach of fair duty claim against the union and vice versa." Id.

In support of its motion to dismiss for lack of subject matter jurisdiction, IAP maintains that since it had lost its service contract with TAD effective on March 1, 2020, the CBA thus became ineffective on that date and was replaced by the Bridge Agreement. It reasons that since the CBA was no longer in effect on March 1, 2020, plaintiffs' claims against IAP relating to alleged breaches of the CBA on March 1, 2020 and onward, are futile and cannot give rise to a §301 claim. IAP thereby concludes that subject matter jurisdiction cannot be predicated upon plaintiffs' §301 breach of collective bargaining agreement claims.

The court disagrees with IAP. The amended complaint alleges that IAP terminated Thompson's employment without sufficient cause under the CBA on February 28, 2020. (Doc. 7 at ¶14). As it is undisputed that the CBA was in effect at the time of Thompson's termination, federal question jurisdiction exists over Thompson's claim against IAP. 29 U.S.C. §185; 28 U.S.C. §1331.

Even if the CBA did not exist on March 1, 2020, the court may exercise supplemental jurisdiction over Jabara and John Does' claims against IAP. A federal district court has supplemental jurisdiction over any state law claim arising out of the same case or controversy as those claims over which the court has original jurisdiction. 28 U.S.C. §1367(a). "A district court 'may decline to exercise supplemental jurisdiction' over state law claims if it 'has dismissed all claims over which it has original jurisdiction[,]' unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction." See Patel v. Meridian Health System, Inc., 666 Fed.Appx. 133, 136 (3d Cir. 2016) (citing Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)). Jabara and John Does' claims against IAP arise from the CBA and is so related to Thompson's claim against IAP that it forms part of the same case or controversy. See Lyon v. Whisman, 45 F.3d 758, 761 (3d Cir.

1995). As parties have engaged in discovery, the consideration of judicial economy supports the court's jurisdiction over these claims.

Furthermore, the court has subject matter jurisdiction over plaintiffs' state claim of duty of fair representation as §301 of the LMRA preempts such claim. As a general matter, where a federal statute completely preempts an area of state law, "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 386-87 (1987). A state law claim is preempted by §301 if the claim is (1) "founded directly on rights created by collective-bargaining agreements" or (2) "substantially dependent on analysis of a collective bargaining agreement." *Caterpillar Inc.,* 482 U.S. at 394. Plaintiffs' duty of fair representation claim relies upon the allegation that the Union did not fulfill its obligations under the CBA. (Doc. 7 at ¶26). Accordingly, plaintiffs' duty of fair representation claim is preempted by §301 and is federal in nature. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 406 (1988) ("[i]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law ... is preempted and federal labor-law principles...must be employed to resolve the dispute.").

Thus, the court has subject matter jurisdiction over this action and we proceed to consider defendants' motions to dismiss for failure to state a claim.

### a. Breach of Collective Bargaining Agreement (Count I)

In support of their breach of collective bargaining agreement claim against IAP, Thompson, Jabara, and John Does (together, the "remaining plaintiffs") assert two arguments, none of which is plausibly alleged.

First, they argue that IAP breached the CBA as IAP "could not unilaterally terminate operating under the Collective Bargaining Agreement that was in place." (Doc. 7 at ¶12). The CBA provides that while it is "effective November 7, 2019 and shall remain in full force and effect to and including November 5, 2021," its provisions may be "changed or modified only by a document in writing signed on behalf of both parties." *Id*. at 12. In support of their position that the CBA was unilaterally terminated in violation of its terms, the remaining plaintiffs do not allege any facts. Without any further allegation in their favor, the remaining plaintiffs' assertion that IAP unilaterally terminated the CBA is conclusory and lacks factual specificity to survive the instant motions to dismiss. *See generally Iqbal*, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to state a claim.)(*citing* Twombly, 550 U.S. at 555).

Second, they argue that IAP breached the CBA by terminating their employment without sufficient cause. In support of their position, the remaining plaintiffs only allege that they were "terminated by IAP without 'just cause' and intentionally excluded from employment with Amentum." (Doc. 7 ¶14). Even assuming the existence of an enforceable CBA at the time of IAP's termination of their employment, the remaining plaintiffs' conclusory allegations fail to meet the pleading standard as set forth in *Twombly* and *Iqbal.*

Accordingly, the court will dismiss without prejudice Count I of the amended complaint with respect to the remaining plaintiffs.

### b. Breach of Duty of Fair Representation (Count II)

Because Schmidt has voluntarily dismissed his claims against IAP and the court will dismiss the remaining plaintiffs' claims against IAP, the plaintiffs' claims against the Union fail as a matter of law and will be dismissed. *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 164 (1983) ("To prevail against either the company or the Union" in a hybrid §301/breach of duty of fair representation suit, "[employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the

- 11 -

burden of demonstrating a breach of duty by the Union.") (internal quotations and citations omitted).

Thus, the court will dismiss Count II of the amended complaint without prejudice.

### IV.   CONCLUSION

For the reasons discussed herein, IAP's motion to dismiss, (Doc. 14), will be **GRANTED in part** and the Union's motion to dismiss, (Doc. 23), will be **GRANTED in part**. The amended complaint will be dismissed without prejudice to plaintiffs' filing of a timely second amended complaint.

An appropriate order will follow.


                                        *s/ Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**DATE: April 22, 2022**
20-494-02